FILED'06 APR 20 09:14 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| Frederic B. Simmons, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 04-6344-AA |
| | ) | OPINION AND ORDER |
| vs. | ) | |
| | ) | |
| Lane Transit District, | ) | |
| an agency and instrumentality | ) | |
| of the State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————— | ) | |

David C. Force
P.O. Box 10972
Eugene, Oregon 97440
    Attorney for Plaintiff

Peter R. Mersereau,
Barrett C. Mersereau
Mersereau & Shannon, LLP
1600 Umpqua Bank Plaza
One SW Columbia St.
Portland, Oregon 97258
    Attorneys for Defendant

Page 1 - OPINION AND ORDER

AIKEN, Judge:

In this employment termination case, plaintiff Frederic Simmons alleges disability discrimination under both Oregon and federal law, workers' compensation discrimination, and wrongful discharge against his former employer, defendant Lane Transit District (LTD).  The case is before this court on defendant's motion for summary judgment.  Oral argument was held on February 27, 2006.  After hearing oral argument, plaintiff moved for permission to submit a supplemental brief.  The court has reviewed the supplemental briefing and incorporated the relevant portions in this opinion.  Defendant's motion is granted in part and denied in part.

Standards

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  Substantive law on an issue determines the materiality of a fact.  T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987).  Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

(1986).

The moving party has the burden of establishing the absence
of a genuine issue of material fact. Celotex Corp. v. Catrett,
477 U.S. 317, 323 (1986). If the moving party shows the absence
of a genuine issue of material fact, the nonmoving party must go
beyond the pleadings and identify facts which show a genuine
issue for trial. Id. at 324.

Special rules of construction apply when evaluating summary
judgment motions: (1) all reasonable doubts as to the existence
of genuine issues of material fact should be resolved against the
moving party; and (2) all inferences to be drawn from the
underlying facts must be viewed in the light most favorable to
the nonmoving party. T.W. Electrical, 809 F.2d at 630. In an
employment discrimination case, "if a rational trier of fact
could, on all the evidence, find that the employer's action was
taken for impermissibly discriminatory reasons," summary judgment
for the moving party is inappropriate. Wallis v. J.R. Simplot,
26 F.3d 885, 889 (9th Cir. 1994).

Facts

Simmons was a bus driver employed by LTD from August 1988
until October 2003. The terms and conditions of his employment
were governed by the collective bargaining agreement (CBA)
negotiated between LTD and Simmons' union. In early July 1999,

Simmons suffered an on-the-job injury to his knee.  He underwent surgery, recovered, and returned to work.  Nearly two years later, in April 2001 he attended a fitness for duty exam, during the course of which he re-injured his knee.  In January 2002, Simmons underwent a second knee surgery, but this time was not able to recover fully, and today remains limited by doctor's orders to the amount and types of movements he may perform.  As a result of these limitations, Simmons is restricted in his bus driving duties.  He may work as a driver, but is limited to no more than two three-hour shifts per day, with a two-hour break between shifts to rest and ice his knee.  Between the rest and ice, Simmons is able to control the swelling and pain associated with his knee injury.

By November 2002, Simmons was working shifts with the required restrictions, by bidding on regular eight-hour shifts according to the normal seniority-based shift bidding system under the CBA, and then finding replacement drivers to cover his two-hour rest period.  Replacement drivers were available to fill this two-hour period according to postings on the "extra" or "relief" boards.  This was the normal system by which drivers needing time off during their regular shifts for doctor's appointments or other needs would find replacement drivers.

After one year of working with those shift accomodations, on October 6, 2003, LTD discharged Simmons from employment.  Simmons

Page 4 - OPINION AND ORDER

seeks reinstatement, back pay, compensatory damages and attorneys fees on the grounds that the discharge violated provisions of the ADA and Oregon's disability discrimination laws, constituted workers' compensation discrimination, and amounted to wrongful discharge.

<u>Discussion</u>

1. ADA and Disability Discrimination under Oregon Law

The Americans with Disabilities Act prohibits an employer from discriminating against a qualifying individual by failing to make "reasonable accommodations" for the known physical limitations of that individual. 42 U.S.C. § 12112(b)(5)(A). Oregon law provides similar prohibitions. ORS 659A.112. To survive a motion for summary judgment, a plaintiff must show sufficient evidence to meet the prima facie case. Here, Simmons must show that he 1) is disabled within the meaning of the ADA; 2) can perform the essential functions of the job with or without reasonable accommodation; and 3) was subjected to an adverse employment action because of his disability. <u>Barnett v. U.S. Air, Inc.</u>, 157 F.3d 744, 748 (9th Cir. 1988). Plaintiff's prima facie case includes providing evidence of a reasonable accommodation. <u>Id</u>. at 749. Once the plaintiff has established the existence of a reasonable accommodation, the burden shifts to the defendant employer to show that the accommodation would cause the employer undue hardship. <u>Id</u>.

    The parties do not dispute that Simmons is disabled within the meaning of the ADA. Simmons has alleged that reasonable accommodation existed in the form of allowing him to take an eight-hour shift, working three hours on, taking a two-hour unpaid break to rest his injured knee, and then completing the remaining three hours of the shift. LTD asserts that Simmons is not capable of performing the essential functions of the job, and that Simmons' proposed accommodation is 1) *per se* unreasonable; and 2) disruptive.

    LTD asserts that no accommodation need be made where the employee is not capable of performing the essential functions of the job. LTD argues that being able to drive a bus for eight hours is an essential function of the job, and because Simmons is not capable of driving for eight hours non-stop, no accommodation is necessary. The court notes that LTD also provides shorter shifts of six or seven hours, and in fact when Simmons was first hired he was only allowed six-hour shifts. Simmons is capable of driving the bus safely during three-hour stretches. I find that a genuine issue of material fact exists as to whether continuous driving for eight-hours is an essential function of the job.

    LTD next argues that the requested accommodation is *per se* unreasonable. LTD relies on <u>Willis v. Pacific Maritime</u>, where the Ninth Circuit held that an accommodation which requires an employer to violate the seniority provisions of a collective

Page 6 - OPINION AND ORDER

bargaining agreement is *per se* unreasonable.  244 F.3d 675, 677
(9th Cir. 2001).  Here, however, Simmons' request is not for a
unilateral reassignment to lighter duty shifts, but instead a
request to continue to take eight-hour shifts according to his
seniority rank in the regular shift bidding system, and then find
a replacement driver to cover the two-hour period that he needs
to rest his knee.  In contrast, Willis sought a unilateral
reassignment to a light duty shift, which would have violated the
seniority system for bidding light duty jobs.  In addition, The
president of Simmons' union, Albert Zullo, states that the split
shift of three hours on, two hours off for which he is not paid,
and another three hours on, does not violate the Union's
collective bargaining agreement.  Zullo Aff. ¶ 2.  Mr. Zullo
further states that at no time did LTD inform the Union that it
believed there was any conflict in the provisions of the CBA.
Zullo Aff. ¶ 4.  Therefore, the proposed accommodation is not in
violation of the CBA and is not *per se* unreasonable.

Finally, LTD argues that the accommodation plaintiff seeks
is disruptive because LTD has difficulty finding replacement
drivers for the period of the shift everyday that Simmons must
rest.  Simmons asserts that there is never a shortage of
available drivers looking to take on extra hours driving, and in
fact he had successfully used this system for an entire year
before he was terminated.  He also argues that there is no extra

Page 7 - OPINION AND ORDER

cost to LTD because the system of finding replacement drivers is already in place and because LTD does not pay Simmons during his two-hour rest period. LTD seemingly accommodated Simmons' disability after his second knee surgery in early 2002 until his discharge in October 2003. Therefore, the court finds genuine issues of material fact as to any alleged disruption Simmons' proposed accommodation would cause LTD. Defendant's summary judgment motion is denied as to plaintiff's claims under the ADA and ORS 659A.112.

2. Workers' Compensation Discrimination

Simmons also asserts that he was terminated because he invoked his rights under the workers' compensation system in violation of ORS 659A.040(1). To establish a prima facie case a plaintiff must show that: 1) he or she invoked the workers' compensation system; 2) that he or she suffered an adverse employment action; and 3) that he or she was discriminated against by the defendant because he or she invoked the workers' compensation system. Williams v. Freightliner, LLC, 196 Or. App. 83, 90, 100 P.3d 1117 (2004).

LTD does not dispute the first and second elements, however LTD argues that Simmons has shown no evidence linking his termination to his invocation of the workers' compensation system. An employer is free to discharge an employee for cause, notwithstanding the existence of a workers' compensation claim,

Page 8 - OPINION AND ORDER

so long as the discharge is not motivated by retaliation. <u>Hardie
v. Legacy Health System</u>, 167 Or. App. 425, 433, 6 P.3d 531
(2000). In order to meet the prima facie element, the plaintiff
"need only offer evidence which gives rise to an inference of
unlawful discrimination." <u>Wallis</u>, 26 F.3d at 889 (9th Cir. 1994)
(internal citations omitted). Even viewing the evidence in the
light most favorable to Simmons, the court finds that Simmons has
not presented any evidence, direct or circumstantial, of LTD's
discriminatory motive. In connection with Simmons' workers'
compensation claim, the complaint states, "defendant discharged
plaintiff from his employment because plaintiff had invoked and
utilized the [workers' compensation program]." (Complaint ¶ 6).
Plaintiff's brief fails to elaborate further, stating,
"[p]laintiff has good reason to believe that [his discharge] was
related to his workers' compensation claim, which offended
management so deeply." (Plain.'s Mem. Opp. Summ. J. at 9). It
appears that Simmons filed his Workers' Compensation claim
sometime after his original knee injury, in 1999. (Simmons Aff.
¶ 7). Simmons' states that LTD did not wish to take him back
after his first injury and therefore sent him to a fitness for
duty examination against the advice of his doctor. (Simmons Aff.
¶ 7). However, Simmons presents no evidence linking the events
of 1999 and 2001 to his discharge in October 2003. Because
Simmons fails to meet the third element of the prima facie case

for his workers' compensation discrimination claim, LTD is
entitled to summary judgment on this claim.

3.  Wrongful Discharge

    Finally, LTD argues that because the remedies provided under
ORS 659A.112 (Oregon disability discrimination statute), Simmons
is precluded from pursuing a wrongful discharge claim.  The
Oregon Court of Appeals has held that the remedies provided in
ORS 659.121, since renumbered to ORS 659A.885, are "adequate",
and thus preempt common-law wrongful discharge claims based on
alleged discrimination covered by the statute.  <u>Farrimond v.
Louisiana-Pacific Corp.</u>, 103 Or. App. 563, 567, 798 P.2d 697
(1990).  Although there should be no wrongful discharge claim
where an adequate existing remedy protects the interests of
society, the fact that an employment statute specifically
delineates available remedies "will not itself preclude
recognition of a wrongful-discharge claim and thus recovery of
traditional tort damages."  <u>Daoud v. Avamere Staffing, LLC</u>, 336
F.Supp.2d 1129, 1140 (2004).  For example, statutory remedies may
not compensate the plaintiff "for such personal injuries as
anguish, physical symptoms of stress, a sense of degradation, and
the cost of psychiatric care." <u>Id.</u> (quoting <u>Holien v. Sears,
Roebuck & Co.</u>, 298 Or. 91, 97, 689 P.2d 1292 (1984)).

    Whether or not Simmons will be eligible for relief under ORS
659A.885 has not yet been determined.  If the court determines

Page 10 - OPINION AND ORDER

that Simmons is in fact eligible for relief under Oregon's
disability discrimination statute, then Simmons will be precluded
from pursuing his common law wrongful discharge claim.  If,
however, the court determines that Simmons does not qualify for
relief under the Oregon disability discrimination statute,
Simmons will be entitled to pursue his wrongful discharge claim.
Because Simmons' eligibility for relief under ORS 659A.885 has
not yet been determined, the defendant's summary judgment motion
is denied as to plaintiff's claim for wrongful discharge.

Conclusion

    Defendant's motion for summary judgment (doc. 24) is denied
in part and granted in part as follows: defendant's motion
regarding plaintiff's disability discrimination claims under
Oregon and federal law, and regarding plaintiff's wrongful
discharge claim, is denied.  Defendant's motion regarding
plaintiff's workers' compensation discrimination claim is
granted.  Plaintiff's Objection to Unsworn Authentication of
Affidavit (doc. 33) is denied.

IT IS SO ORDERED.

    Dated this *19* day of April 2006.

                        _____
                                 Ann Aiken
                        United States District Judge


Page 11 - OPINION AND ORDER